WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Lionel Sanchez-Meza,<br><br>   Petitioner,<br><br>v.<br><br>United States of America,<br><br>   Respondent. | No. CV-21-00419-TUC-DCB<br>No. CR-11-00150-TUC-DCB<br><br>**ORDER** |

  Petitioner Jesus Lionel Sanchez-Meza seeks relief, pursuant to a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Petition). Petitioner was part of a "rip crew" that entered Arizona from Sonora, obtained AK-47-style weapons from a hidden cache, and began searching for marijuana traffickers to rob them at gunpoint. Instead, the "rip crew," including the Petitioner, encountered Border Patrol agents and during a gunfight with agents, the coconspirators, including Defendant Sanchez-Meza, murdered Agent Brian Terry.

  Petitioner was convicted by a jury of first-degree murder, second degree murder, conspiracy to interfere with commerce by robbery, assault on a federal officer, and using and carrying a firearm in the course of a violent crime. On December 9, 2015, the Court sentenced Petitioner to life in prison. On direct appeal, the convictions were affirmed, except for Count 9, which was voluntarily dismissed by the Government's concession that conspiracy to commit Hobbs Act robbery is not a crime of violence according to *United States v. Davis,* 139 S.Ct. 2319, 2336 (2019).

On October 13, 2021, the Petitioner filed this habeas motion pursuant to 28 U.S.C. § 2255, raising four claims of error: (1) this Court's exclusion of all references to the Fast and Furious operation by the Bureau of Alcohol, Tobacco and Firearms; (2) the Government's reference in closing to Defendant's illegal entry into the United States; (3) the Court's handwritten correction to a jury instruction adding "did not testify" in bigger darker letters than the remainder of the typed instruction, and (4) the Court's admission into evidence of a photo showing the fatal wound on Agent Terry's body.

A.   28 U.S.C. § 2255: Motion to Vacate or Correct Sentence

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's sentence as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.  A motion for such relief may be made at any time.

28 U.S.C. § 2255.

A district court shall summarily dismiss a § 2255 petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the Petitioner is not entitled to relief."  Rule 4(b), Rules Governing § 2255 Actions. The district court need not hold an evidentiary hearing when the Petitioner's allegations, viewed against the record, either fail to state a claim for relief or are patently frivolous. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

B.   Denied: Procedurally Defaulted and Lack of Merit

The Government is correct that the Petitioner procedurally defaulted his claims because he failed to raise them before in this Court or on appeal. Issues which could have been raised at trial or on direct appeal from a conviction, but were not raised, cannot be brought in a § 2255 proceeding unless the defendant can show cause for the procedural default and prejudice arising from the failure to raise those claims. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *McCleskey v. Zant*, 499 U.S. 467, 493-495 (1991); *Parks v.*

*United States*, 832F.2d 1244, 1245-46 (11th Cir. 1987).  "[A] procedural default of even a constitutional issue will bar review under § 2255, unless the defendant can meet the "cause and prejudice test." *Campino v. United States*, 968 F.2d 187, 189-90 (2d Cir. 1992).  Where there is no showing of cause and prejudice pertaining to the failure to raise issues on direct appeal that are raised for the first time in a § 2255 motion, summary dismissal of those claims is warranted. *Parks*, 832 F.2d at 1246; *Garland v. United States*, 837 F.2d 1563, 1565 n.4 (11th Cir. 1988).

"Cause" under the cause and prejudice test must be something that cannot be fairly attributed to the Petitioner, something external to the Petitioner.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). Examples of external factors that constitute cause, include "interference by officials," or "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). If there is no showing of cause for the failure to raise the claims, the Court need not consider whether the Petitioner was prejudiced by the procedural default. *Billy-Eko v. United States*, 8 F.3d 111, 114 (2d Cir. 1993).

To establish prejudice, a petitioner must demonstrate prejudice so substantial that it undermines the integrity of the entire proceeding. *Frady*, 456 U.S. at 170; *Campino*, 968 F.2d at 188-91.

Here, the Petitioner asserts there is both cause and prejudice. According to the Petitioner, cause exists because his trial counsel, who was also his appellate counsel, admits he did not notice the alleged prosecutorial misconduct by the Government's reference in closing to Defendant's illegal entry into the United States when no evidence supported this statement. As for prejudice, the Petitioner argues prejudice due to ineffective assistance of counsel should be assessed in combination for all the alleged errors.

The Court notes that the habeas Petition (Doc. 1) did not allege ineffective assistance of trial counsel or appellate counsel as a claim, but only provided counsel's oversights, intentional or otherwise, in explanation for why these claims were not raised in

his direct appeal. Both parties, however, addressed the assertion that trial counsel and/or appellate counsel was ineffective. The Court will too.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test for determining ineffective assistance of counsel. To prevail on an ineffective assistance claim, the Petitioner, a convicted defendant, must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 687-88.

The court need not address both *Strickland* requirements if the petitioner makes an insufficient showing regarding just one. *Id*. at 697 (explaining: "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed."); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) (stating: "[f]ailure to satisfy either prong of the Strickland test obviates the need to consider the other.")

The Court finds that the Plaintiff's *Strickland* claim fails because he cannot establish prejudice. Likewise, the lack of prejudice means that the Petitioner's claims are procedurally defaulted because he cannot satisfy the "cause and prejudice test," for failing to raise on direct appeal the four issues he seeks to raise in this habeas petition. Summary dismissal of those claims is warranted because they are procedurally barred.

Petitioner does not describe at all how the result would have been different had an objection been made to the statements made by the Prosecutor in closing that the Defendant crossed the border illegally. The Court finds that even if the statements could be construed as improper, any such error did not result in prejudice because the evidence supported that the Defendant did not cross legally and, in addition, the evidence against the Defendant was overwhelming. *See United States v. Nobari*, 574 F.3d 1065, 1083 (9th Cir. 2009) (holding defendants not prejudiced by prosecutorial misconduct as it was harmless in light of "overwhelming evidence" presented); *United States v. Necoechea*, 986 F.2d 1273, 1280 (9th Cir. 1993) (holding that the general instruction regarding the need to review cooperator testimony with "greater care" cured any vouching by the prosecutor in opening statement).

The Court instructed the jury that arguments made at closing by the attorneys are not evidence. Additionally, the Prosecutor's statements that the Defendant illegally entered were made in the context of arguing that he took a substantial step towards robbing drug smugglers and that this made a confrontation with Border Patrol Agents reasonably foreseeable. (Reply (Doc. 7) at 1-2.) There was no suggestion in the closing argument for the jury to consider the fact of the illegal entry to show bad character. The Court finds that the result would not have been different had an objection been made to the statements because at best it would have resulted in a statement that the Defendant and his coconspirators did not cross through a port of entry. The jury's takeaway would have been the same.

The Petitioner's arguments of error, singularly or in combination, are wholly lacking in merit. *See* (Response (Doc. 4) at 5-7 (explaining reasons why, alternatively, the Court should deny Petition for lacking merit).

The Court expressly considered two of them *in limine* prior to trial, the autopsy photo of Agent Terry and reference to Fast and Furious. For the same reasons the Court ruled to admit and preclude, respectively, this evidence then, it finds those assertions of error lack merit. (Minute Entry (Doc. 505)). The Petitioner offers no contrary substantive legal arguments to the Court's pretrial *in limine* rulings on these two evidentiary rulings. The Court finds that appellate counsel's decision to not include them in the direct appeal fell well within the arena of effective appellate advocacy. *See* (Response (Doc. 4) at 3 (citing *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019) (choice of argument to make on appeal belongs to appellate counsel); *Smith v. Murray*, 477 U.S. 527, 536 (1986) ("winnowing out weaker arguments on appeal and focusing on those more likely to prevail, . . . is the hallmark of effective appellate advocacy." (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). Likewise, there is no substantive legal support offered for Petitioner's assertion of plain error being derived from the hand-written correction to the jury instruction, which caused "DID NOT TESTIFY" to stand out in conflict with the remainder of the instruction emphasizing the defendants' right to remain silent in the face of accusation. *Id.* at 3.

C. Conclusion

While the Petitioner asserts that the Court should find the closing argument statements regarding Defendant's illegal entry into the United States, "without even a cautionary instruction, is per se prejudicial," (Reply (Doc. 7) at 2), he offers no supporting case law for finding prejudice as a matter of law. The Court finds that the Petitioner fails to show any prejudice as a matter of fact. Given the overwhelming evidence of guilt in this case, the Court finds the result would not have been different had an objection been made to the statements by the Prosecutor in closing that the Defendant crossed the border illegally. The Petitioner cannot avoid procedural default because he fails to show any prejudice from the closing statement and the other assertions of error, even when considered cumulatively. The claims made in the Petition are procedurally barred. His failure to show prejudice also defeats his claim of ineffective assistance of trial/appellate counsel.

**Accordingly,**

**IT IS ORDERED** that Petitioner's "Motion to Vacate Sentence or Correct Sentence (Doc. 934)," pursuant to 28 U.S.C. ' 2255, filed in CR 11-150 TUC DCB and (Doc. 1) filed in CV 21-419 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that Civil case number CV 21-419 TUC-DCB is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

///
///
///
///
///
///
///

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 12th day of May, 2022.

_____
Honorable David C. Bury
United States District Judge